Tomás Molini Ruiz, Petitioner *v.* District Court of Puerto Rico, Arecibo Section, Hon. A. Lens Cuena, Judge, Respondent; Adelaida Tomasa Burgos (today Molini), Intervener.

No. 1911.   Argued December 3, 1951.—Decided December 29, 1951.

*Valentín Polanco de Jesús* for petitioner.   *Ricardo Agraít Aldea* for intervener, plaintiff in the main action.

Mr. Chief Justice Todd, Jr., delivered the opinion of the Court.

In civil case No. 10,387, Adelaida Tomasa Burgos, represented and assisted by her mother Carmen Burgos Torres, *v.* Tomás Molini Ruiz, action of filiation and for support, this Court, in a per curiam opinion dated May 10, 1951, affirmed the judgment rendered by the District Court of Arecibo declaring that the plaintiff must be considered as an acknowledged natural daughter of the defendant for the sole purpose of bearing the latter's surname, and ordering the defendant to give plaintiff, from the date of the filing of the complaint, the amount of $60 monthly for her support. When the mandate was sent from this to the district court, the defendant prayed the court to fix the date until which he had to support the plaintiff, basing his petition on the following facts:

That the plaintiff was born on March 12, 1930, so that on March 11, 1951, at twelve o'clock midnight, she attained the age of majority and, therefore, pursuant to §§ 153, 163, 232 and 247 of the Civil Code, 1930 ed.,[1] defendant's obligation to support the plaintiff ended as soon as she became emancipated.

---

[1] These Sections provide:

"Section 153.—The father and the mother have, with respect to their children not emancipated:

"1. The duty of supporting them, keeping them in their company, educating and instructing them in accordance with their means, and representing them in the exercise of all actions which may redound to the benefit of such children.

"2. The power to correct and punish them moderately."

"Section 163.—*Patria potestas* ends:

"1. With the death of the parents or of the child.

"2. Through emancipation of the child.

"3. By adoption of the child by another."

"Section 232.—The law recognizes four kinds of emancipation:

"1. Emancipation through grant by the parent exercising the *patria potestas.*

"2. Emancipation by marriage.

"3. Judicial emancipation.

"4. Emancipation by reason of having attained the age of majority."

"Section 247.—Majority begins at the age of twenty-one years.

"A person having attained the age of majority is capable of executing all the acts of civil life, with the exceptions established in special cases by this Code."

After hearing the parties the court overruled defendant's motion. We issued the writ herein to review its order.

■ Even though the petitioner makes three assignments of error, his contention may be synthesized to the effect that since the plaintiff was a minor when, together with her filiation, she requested support from her putative father, the support granted by the court ended when she became of age. We do not agree.

The intervener prayed for and obtained support by virtue of her right under § 128 of the Civil Code, which provides that: "The illegitimate children lacking the lawful qualification of natural children are only entitled [2] to such support from their parents, as is prescribed in Section 143."

And it was by applying § 143 in connection with the remaining sections which make up Title VII, Book First of the Civil Code, which refers to the support of relations, that the court, after making an analysis of the question raised, decided that it did not have to fix any limit to the provision of its judgment ordering the defendant to support plaintiff since "The law clearly fixes it in those sections: to wit, defendant's obligation shall cease with the death of the person obliged to give support, or when it is proved that plaintiff does not stand in need of said support, or under any of the exceptions established by the Code itself."

Subdivision 4 of § 143 of the Civil Code as amended by Act No. 449 of May 14, 1947 (Sess Laws, p. 948) provides that "The following are obliged to support each other, within the full meaning of the preceding section: . . . 4. Parents and illegitimate children, and the legitimate, natural, and illegitimate descendants of the latter."

The court *a quo* stated that pursuant to § 149 of that same Code the obligation to give support ceases with the

---

[2] By virtue of Act No. 229 of May 12, 1942, as amended by Act No. 243 of May 12, 1945, there is no doubt that, without mentioning it, § 128 of the Civil Code was amended upon other rights being granted to illegitimate children.

death of the person obliged to give it, or pursuant to § 150, whenever the other situations contemplated therein arise, and that none of the situations mentioned in the latter Section have been proved, for "it has not even been attempted to present evidence to show that the plaintiff girl no longer needs the support fixed by our judgment and affirmed by the Supreme Court." The court likewise set forth the fact that "it was proved in the trial that the plaintiff is a very poor girl, still in the eighth grade and whose only protector is her mother, who is also poor, without rents of any kind. If in the future the plaintiff obtains employment or any other means rendering her self-supporting, the defendant may then request that the obligation end, but not merely because she just reached her 21st birthday, if she still needs her father's support."

We think that the conclusion reached by the trial court is correct. In commenting the second paragraph of § 142 of the Spanish Civil Code equivalent to § 142 of ours,[3] 1 Manresa, *Comentarios al Código Civil*, 6th ed., 1943, pp. 666, 668, Manresa states:

"In inserting this second paragraph in the section now being examined, the Code established two different kinds of obligations on the part of the person giving support; some permanent and general for all cases, which are those referring to the physical needs of the recipient, and others purely accidental and temporary, which refer to the needs of the intellectual development of the latter...*The former last during the recipient's lifetime and must be complied with whenever he might need them,* unless a situation arises whereby the obligation to support ceases pursuant to § 152 of this Code, and the latter are only enforceable *during the minority* of the recipient." (First italics ours.)

■■ Inasmuch as this Court has repeatedly held that judgments granting support are not res judicata—*Molinari*

[3] Section 142 provides that: "Support is understood to be all that is indispensable for maintenance, housing, clothing and medical attention, according to the social position of the family.

"Support also includes the education and instruction of the person supported when he is a minor."

v. *López Acosta*, 20 P.R.R. 477; *Alcaide* v. *Alcaide*, 25 P.R.R. 286; *Ramírez* v. *Ramírez*, per curiam·decision of March 31, 1925 (34· *D.P.R.* 929); *Montañez* v. *Rodríguez*, 69 P.R.R. ·808—the defendant may, whenever he is able to show that plaintiff can do without the support granted or that said support is excessive, move for a reduction thereof or for its definite discontinuance.

The judgment will be affirmed.